JEFFREY C. HALLAM (State Bar No. 161259)
SANNA R. SINGER (State Bar No. 228627)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827
E-Mail:       jhallam@sideman.com
              ssinger@sideman.com

Attorneys for Subpoenaed Third Party Witnesses
JOHN MAYES, ANDREW FOSS and JOHNSON WU

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESLEY HAWKINS, | CASE NO. C-03-03668-PJH |
| Petitioner, | STIPULATED PROTECTIVE ORDER |
| v. | |
| JOHN CAVALLI, Chief, Santa Clara County Probation Department, | Action Filed:   August 6, 2003<br>Judge:          The Hon. Phyllis J. Hamilton |
| Respondent. | E-FILE |

The parties, through their respective Counsel, stipulate to this Protective Order, to protect the confidential information of the parties as may be necessary during the pendency of this litigation.

During this action, with respect to any information, documents, or things in the possession of any Party, or produced or obtained by any Party to this action in discovery, where such items may or are asserted to contain or comprise trade secret, confidential, or proprietary information, the following procedures shall be employed and the following restrictions shall govern:

## I.  DEFINITIONS

1.1  <u>Party</u>.  "Party" or "Parties" means any of the parties to this action, including their agents, and third-party witnesses John Mayes, Andrew Foss and/or Johnson Wu.  If any Party is a

/ / /

1 corporation or other entity, the term "Party" shall mean and include its officers, directors,
2 employers, employees, and agents.

3     1.2    <u>Discovery Material</u>. "Discovery Material" means any information, document, or
4 tangible thing upon which any expression, communication or representation has been recorded by
5 any means, that is produced in response to any discovery request including document requests,
6 interrogatories, requests for admissions, notices of deposition, and requests to inspect.

7     1.3    <u>Confidential</u>. "Confidential" information is defined herein as information which
8 has not been made public (information which has not been made public shall include any
9 confidential information previously provided to any Party), the disclosure of which the Producing
10 Party contends could do harm to the Producing Party, including, but not limited to, trade secrets
11 within the Uniform Trade Secrets Act and proprietary and/or private information concerning the
12 business or personal operations, transactions or financial affairs of any Party.

13     1.4    <u>Receiving Party</u>. "Receiving Party" means a Party and, as applicable, its, his or her
14 directors, employees, employers, and agents (including Counsel), that receive Discovery Material
15 from a Producing Party.

16     1.5    <u>Producing Party</u>. "Producing Party" means a Party and, as applicable, all its, his or
17 her directors, employees, employers, and agents (including Counsel), that produce or otherwise
18 make available Discovery Material to a Receiving Party, as well as any other person or entity that
19 produces or otherwise makes available Discovery Material to a Receiving Party.

20     1.6    <u>Protected Material</u>. "Protected Material" means any Discovery Material designated
21 as confidential pursuant to this Protective Order and the information derived from such Discovery
22 Material, including any copies, abstracts, summaries, compilations, deposition transcripts or video
23 tapes or other such record derived from or referring to such Discovery Material, and any note or
24 other record concerning the contents of such Discovery Material irrespective of whether the
25 information, document or tangible thing is produced in response to a discovery request.

26     1.7    <u>Counsel</u>. "Counsel" means counsel of record and authorized co-counsel of a Party,
27 and their administrative and support personnel and other assistants who are not employed by a
28 Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

1     1.8     Trial Preparation Materials.  "Trial Preparation Materials" means documents and
2 materials such as pleadings, court papers and briefs, exhibits, depositions, interrogatories, and the
3 like, and summaries thereof or notes pertaining thereto.

4              **II.     DESIGNATION OF PROTECTED MATERIAL**

5     2.1     Designation in General.  A Producing Party, at the time of producing Discovery
6 Material, may designate any Discovery Material as Protected Material.  The Protected Material
7 shall be marked "Confidential".

8     2.2     Designation of Computer-Related Media.  Any Protected Material produced on any
9 computer-related media (hereinafter "disks") may be designated as "Confidential" and the hard
10 copy or printout shall be treated as Protected Material of the same designation.

11    2.3     Designation No Determination of Status.  The failure to designate Discovery
12 Material as "Confidential" shall not be taken by the Receiving Party as an admission that such
13 Discovery Material is in fact not protected as Confidential, although the Receiving Party shall
14 have no independent obligation to treat as Confidential any Discovery Material not designated as
15 "Confidential.".

16             **III.    USE OF PROTECTED MATERIAL**

17    All Protected Material is to be used solely for the purpose of this action and for no other
18 purpose.  Persons having access to Protected Material shall not disclose or provide Protected
19 Material to any person not authorized under this Protective Order.  No Protected Material may be
20 made available to, or in any manner revealed to, or discussed with any other entity, except: (1)
21 solely in accordance with the procedures set forth in this Protective Order, or (2) upon the express
22 written permission of Counsel for the Producing Party.

23             **IV.     ACCESS TO PROTECTED MATERIAL**

24    Counsel for the Receiving Party shall keep a record of the names of the persons to whom
25 such disclosure is made (other than to Counsel).  All Protected Material shall be held in custody
26 and confidence by Counsel of the Receiving Party or a Party, although Counsel shall have the
27 obligation to obtain from any Party who receives Protected Material all originals and copies of any
28 such Protected Material.  Protected Material (except for Trial Preparation Material, but including

Protected Material that is attached to Trial Preparation Material as exhibits, appendices and the like) shall be maintained by each person receiving it, when not in actual use, in a secure place at the offices of the person using it.  Access to Protected Material shall be provided only to Counsel and/or any Party.

## V.   ACKNOWLEDGEMENT OF PROTECTIVE ORDER

Before obtaining access to any Protected Material covered by this Protective Order, each person (other than Counsel) who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understood this Protective Order and agrees to be bound by the terms.  A copy of each such acknowledgment shall be furnished to counsel for the Producing Party within five (5) business days after execution.

## VI.   HANDLING OF PROTECTED MATERIAL

6.1   <u>Exclusion of Unauthorized Persons</u>.  If any Protected Material is summarized, discussed, or otherwise used at any deposition or hearing, all persons (other than those entitled to receive the Protected Material in accordance with this Protective Order, Court personnel, a reporter, and the deponent or witness) shall be excluded from attendance at the deposition or hearing during such time as the Protected Material is being so disclosed, unless the Parties otherwise agree or the Court otherwise orders.

6.2   <u>Protected Materials Submitted To The Court; Compliance with Local Rule 79-5</u>. Any Party filing any brief, transcript, exhibit, deposition, or document with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall comply with the procedures set forth in Local Rule 79-5(b) and (c) and shall provide notice of any such filing to all Parties sufficiently in advance of the filing to allow any Party to join in the motion to seal any such Protected Material.

6.3   <u>Deposition Transcripts</u>.  When Protected Material is incorporated in a deposition transcript via testimony or documents, arrangements shall be made with the reporter to bind separately the portion of the deposition transcript and documents designated as Protected Material subject to Protective Order.  The deposition transcripts, including exhibits, and the videotapes of

1  the depositions of John Mayes, Andrew Foss and Johnson Wu, shall be Protected Material and
2  designated "Protected Material subject to Protective Order."

3       6.4    <u>Termination of Participation in Action</u>.  Once participation in the above-entitled
4  case by any person obtaining Protected Material has terminated or otherwise concluded, all
5  Protected Material in the possession of such person shall be returned by such person within 30
6  days to the Counsel from whom he or she obtained such Protected Material (not including any
7  Protected Material filed with the Court under seal).

8       6.5    <u>Final Disposition</u>.  Upon final disposition of the above-entitled case, all copies of
9  Protected Material provided to a Receiving Party (other than Trial Preparation Material of the
10 Receiving Party or any other material protected by a privilege, such as the work-product or
11 attorney-client privilege) shall be returned to the Producing Party's Counsel or disposed of in
12 some other manner mutually agreeable among the parties.  Protected Material retained by Counsel
13 of a Receiving Party pursuant to this Section 6.5 shall retain the status of Protected Material
14 despite termination of this action, and shall be treated in accordance with the terms of this
15 Protective Order.

16 **VII.   COURT PROCEDURES**

17 Any Party that intends to describe "Protected Material" during any Court hearing in the
18 above-entitled case shall request that the Courtroom be sealed.

19 **VIII.   AMENDMENT**

20 This Protective Order may be amended by agreement of Counsel for the Parties in the form
21 of a written stipulation filed with the Court and subject to the Court's approval.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

## IX. RIGHT TO FURTHER RELIEF

This Protective Order is without prejudice to the rights of any Party to apply to this Court for relief from any of its provisions or to seek or agree to different or additional protection for any particular Discovery Material.

This Protective Order shall be effective immediately.

**AGREED:**

DATED: January 26, 2006              SIDEMAN & BANCROFT LLP


                                     By: */s/Jeffrey C. Hallam*
                                         Jeffrey C. Hallam
                                     Attorneys for Subpoenaed Third Party Witnesses
                                     JOHN MAYES, ANDREW FOSS and JOHNSON WU

DATED: January 25, 2006              LAW OFFICES OF ANDREW PARNES


                                     By: */s/Andrew Parnes*
                                         Andrew Parnes
                                     Attorney for Petitioner DAVID WESLEY HAWKINS


DATED: January 26, 2006              CALIFORNIA ATTORNEY GENERAL


                                     By: */s/Michele J. Swanson*
                                         Michele J. Swanson
                                     Attorney for Respondent JOHN CAVALLI


**IT IS SO ORDERED.**


       January 30, 2006
DATED: _____        _____
                                     THE HONORABLE PHYLLIS J. HAMILTON
                                     United States District Court Judge

**APPENDIX A**

I, _____, have read and understand the terms of this Protective Order and agree to be bound by its terms.

Dated: _____   _____

JCH:sma:JMAF.6941\190982_1.DOC

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

7
STIPULATED PROTECTIVE ORDER
Case No. C-03-03668-PJH