**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID WESLEY HAWKINS,

    Petitioner,

    v.

JOHN CAVALLI, Chief, Santa Clara County Probation Department

    Respondent.
_____/

No. C 03-3668 PJH

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S THIRD REQUEST FOR DISCOVERY**

On August 30, 2005, this court granted Hawkins' request to conduct additional discovery regarding claim five pursuant to Habeas Rule 6(a). On March 2, 2006, Hawkins notified the court that the additional discovery had been completed. Pursuant to this court's orders, the parties submitted supplemental briefs re: claim five following the additional discovery. Hawkins also moved for additional discovery, requesting that he be permitted to depose prosecuting attorneys Frank Berry and Michael Boggess, in addition to Cisco employees Richard Clark, Diane Olsen, and Michael Volpi.

Habeas Rule 6(a) provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "where specific

allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005)  (*quoting Harris v. Nelson*, 394 U.S. 286, 299 (1969)).  The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim.  *Id.* (*quoting Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).  Where the evidence sought via a petitioner's discovery request "may well contain favorable, material information," the Ninth Circuit has held that it is "essential," and that the district court is required to grant the petitioner's request pursuant to Rule 6(a).  *Id.*

Although the discovery standard recently articulated by the Ninth Circuit is a permissive one, it is not without limits.  The court concludes that Hawkins has *not* shown good cause for discovery with respect to Clark, Olsen, and Volpi, and DENIES his request.  The court also concludes that given the fact that Berry has submitted a declaration attesting that he was unaware of the witnesses' overlapping financial interests, Hawkins has not shown good cause to depose Berry.  The court therefore DENIES Hawkins' request with respect to Berry as well.  However, the court will permit Hawkins to depose Boggess in connection with his prosecutorial misconduct claim.  Hawkins is advised that NO FURTHER DISCOVERY WILL BE PERMITTED in the context of these habeas proceedings.

The parties shall have no more than **sixty days** from the date of this order to complete the requested deposition.  **Within seven days** of completion of the deposition, Hawkins shall file and serve a statement regarding the completion of the discovery.  **Within 21 days of completion** of the deposition, Hawkins is ordered to file a supplemental brief addressing the impact of the additional testimony on claim five.  The state shall file and serve its supplemental opposition **fourteen days** after Hawkins' opening brief.  Hawkins may file and serve a reply, if any, no later than **seven days** after the state's supplemental opposition.  Given the numerous extensions already granted in this case, NO FURTHER

2

EXTENSIONS OF THE ABOVE DEADLINES WILL BE PERMITTED.  Upon the completion of this discovery and supplemental briefing, the court will consider the case fully briefed.

**IT IS SO ORDERED.**

Dated:   June 2, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge