**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID WESLEY HAWKINS,

    Petitioner,

v.

JOHN CAVALLI, Chief, Santa Clara County Probation Department

    Respondent.
_____/

No. C 03-3668 PJH

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Before the court is petitioner David Wesley Hawkins' ("Hawkins") motion to alter and/or amend the judgment. On September 22, 2006, this court denied Hawkins' petition for habeas relief under 28 U.S.C. § 2254 in a fifty-five page order that detailed the complex procedural history of the case before this court and the numerous additional evidentiary submissions filed by Hawkins. On October 6, 2006, Hawkins filed the instant motion. The state filed an opposition, and Hawkins a reply. For the reasons set forth below, the court DENIES the motion.

**DISCUSSION**

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J. Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). "Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

The court will not repeat the lengthy iteration of the factual and procedural

background of this case, set forth in its September 22, 2006 order, but will address only those facts pertinent to the instant motion.

Claim six of Hawkins' petition alleged ineffective assistance of counsel, and was actually comprised of five sub-claims, including: (1) his counsel's failure to challenge the access date evidence with expert testimony; (2) his counsel's failure to challenge Foss' testimony with other testimony; (3) his counsel's failure to present expert testimony that NTI had copied part of the PIX source code; (4) his counsel's failure to request a jury instruction on the destruction of evidence; and (5) the cumulative effect of the alleged errors.

At pages 29-39 of this court's September 22, 2006 order, the court detailed and discussed eight exhibits, not presented to the state court by Hawkins, that it allowed into the record on March 11, 2005 pursuant to Habeas Rule 7 and § 2254(e)(2).  *See* March 11, 2005 Order (citing *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241-42 (9th Cir. 2005) (requirements for evidentiary hearing under § 2254(e)(2) apply to request to expand record)).[1]  Those exhibits included the:  (1) Hewitt Decl. (Exh. A); (2) Kryss Decl. (Exh. B); (3) Cuaresma Decl. (Exh. C); (4 & 5) Petersen Decl. and 3Com Buyer's Guide (Exh. D); (6) Singh Decl. (Exh. E); (7) Bartas Decl. (Exh. G); and (8) Pozar Decl. (Exh. H).

In the September 22, 2006 order, in accordance with *Strickland v. Washington*, 466 U.S. 668 (1984)*,* the court reviewed and considered the above eight exhibits in connection with Hawkins' ineffective assistance of counsel claim.  As the court noted, though, Hawkins *did not* argue that counsel was ineffective for failing to introduce those particular exhibits. *See* September 22, 2006 Order at 38.[2]

---

[1] Hawkins refers to the exhibits at issue in this motion as the "seven exhibits." Depending on whether one considers one of the exhibits, the 3Com Buyers Guide, which was attached to one of the declarations as an exhibit itself, as a separate exhibit, there are either seven or eight exhibits.  Regardless of whether they are considered either "seven" or "eight" exhibits, they should not be confused with another set of eight (coincidental) exhibits that were detailed in this court's September 22, 2006 Order at 40 n.16.

[2] It should be noted that Hawkins did contend that one additional exhibit, submitted with this group of exhibits - the Mitnick declaration - should have been introduced by trial counsel; thus, the court addressed whether counsel was deficient for failing to introduce the Mitnick declaration in conjunction with its discussion of the ineffective assistance of counsel claims.

United States District Court
For the Northern District of California

Turning to the issue of prejudice, the court then concluded that Ninth Circuit law precluded the court from considering the new evidence, not presented to the state court, on the prejudice prong of the *Strickland* test.

The court stated:

> [C]learly established federal law provides that prejudice is to be assessed by comparing "the evidence that *actually* was presented to the jury with the evidence that might have been presented had counsel acted differently" or with the evidence that was wrongfully suppressed. *Murtishaw v. Woodford*, 255 F.3d 926, 940 (9th Cir. 2001) (citing *Bonin v. Calderon*, 59 F.3d 815, 834 (9th Cir. 1995)) (regarding ineffective assistance of counsel claims); *see also Ross*, 372 F.3d at 1108 (citing *Agurs*, 427 U.S. at 112) (with respect to *Brady* claims, materiality of suppressed evidence should be considered in light of the other evidence admitted at trial); *Kyles*, 514 U.S. at 434 (*Brady* standard for materiality is the same as the standard for determining prejudice with ineffective assistance of counsel claims). As noted above, the seven declarations are *not* the evidence that Hawkins is claiming "might have been presented had [trial] counsel acted differently" in this case. That evidence is discussed below with the four sub-claims to Hawkins' ineffective assistance claim.[3] Moreover, since none of the above evidence was *actually* presented at trial, it cannot and does not assist this court in determining whether prejudice ensued from counsel's failure to present the other evidence, *see infra* n. 16, or from the prosecution's alleged suppression of other evidence. *See also infra* n. 16.

September 22, 2006 Order at 40.

Additionally, the court noted that it was *likely* that Hawkins' petition could be considered unexhausted if the court were to assess prejudice in light of the evidence not previously before the state courts. *See id.* at 40 (citing *See Kelly v. Small*, 315 F.3d 1063, 1067 (9th Cir. 2003)), and that although the issue was raised by the state, Hawkins failed to address it at all in his briefs. The court then went on to consider one of the exhibits that had been submitted with the group of exhibits at issue in this motion, the Mitnick

---

*See* September 22, 2006 Order at 41-47.

[3] The evidence that Hawkins is claiming "might have been presented" with respect to his ineffective assistance of counsel sub-claims includes Daniel Farmer's declaration (Exh. 9, Petition); Kevin Mitnick's declaration (Traverse, Exh. F); Nicholas Sayer's declaration (Exh. 10, Petition); G. Paul Ziemba's declaration (Exh. 11, Petition); Veronica Hawkins' declaration (Exh. 12, Petition); Marshall McKusick's declaration (Exh. 6, Petition); Thomas Brennan's declaration (Exh. 7, Petition); Jonathan Seder's declaration (Exh. 8, Petition); Plan 9 Licensing Agreement (Exh. 10, Petition). Additionally, regarding Hawkin's *Brady* claim, the evidence that Hawkins asserts should have been disclosed is not that in the seven declarations discussed above, but that from the Foss, Mayes, Wu, and Boggess depositions conducted in conjunction with his federal habeas petition.

3

Declaration, along with another eight additional exhibits submitted by Hawkins (not to be confused with the eight at issue in the instant motion to amend) in evaluating trial counsel's allegedly deficient performance.

In the instant motion, Hawkins argues that this court's September 22, 2006 order is inconsistent with its March 11, 2005 order and that he is entitled to relief under Rule 59(e) and/or 60(b) on this basis. He makes essentially three arguments: (1) that this court "implicitly" ruled in its March 11, 2005 order expanding the record that expansion would not render the petition unexhausted; (2) that this court "revisited" the expansion issue in its September 22, 2006 order; and (3) that the court failed to consider the eight exhibits at issue in the March 11, 2005 order on the merits of his ineffective assistance of counsel claim.

All three arguments fail. First, there was no ruling on the exhaustion issue in the March 11, 2005 order, and the suggestion that one was "implicit" is without merit. Nevertheless, the court notes that the exhaustion considerations were secondary and supplemental to its primary ruling in the September 22, 2006 order that the Ninth Circuit does not permit consideration of evidence not submitted to the state courts in assessing prejudice in conjunction with a habeas petition. *See Murtishaw v. Woodford*, 255 F.3d 926, 940 (9th Cir. 2001) (citing *Bonin v. Calderon*, 59 F.3d 815, 834 (9th Cir. 1995)) (regarding ineffective assistance of counsel claims); *see also Ross*, 372 F.3d at 1108 (citing *Agurs*, 427 U.S. at 112) (with respect to *Brady* claims, materiality of suppressed evidence should be considered in light of the other evidence admitted at trial); *Kyles*, 514 U.S. at 434 (*Brady* standard for materiality is the same as the standard). Hawkins has not submitted any authority to the contrary, and to the extent that he disagrees with this court's interpretation of Ninth Circuit law, that is an issue for appeal.

Second, this court did not "revisit" its March 11, 2005 ruling in denying Hawkins' habeas petition in its September 22, 2006 order. That argument absolutely flies in the face of the extensive consideration and discussion allotted to the eight exhibits allowed into the record, and clearly considered by the court in the September 22, 2006 order. *See*

4

September 22, 2006 Order at 30 (noting that "[t]he court has also reviewed and considered, to the extent that they are relevant, the eight exhibits attached to Hawkins' traverse that this court permitted to be filed on March 11, 2005"), and 34-38 (discussing each of the subject exhibits separately).

Finally, Hawkins' instant motion fails because the court *did* consider the eight exhibits on the merits of his ineffective assistance of counsel sub-claims *to the extent they were relevant.* It was Hawkins' burden to demonstrate *why* or *how* his counsel's performance was deficient with respect to this group of exhibits; however, as noted, with the exception of the Mitnick Declaration, which this court addressed in its discussion of Hawkins' sub-claims, Hawkins simply did not argue that counsel's performance was deficient for failure to introduce the subject exhibits or the information contained in the exhibits. Again, to the extent that Hawkins disagrees with this court's interpretation of Ninth Circuit law regarding the issue of prejudice as pertains to expanded records in habeas cases, that is an issue for appeal.

For the above reasons, Hawkins' motion to amend and/or alter the judgment is DENIED. This order fully adjudicates the motion listed at No. 105 of the clerk's docket for this case and terminates all other pending motions. The clerk shall close the file.

Dated: December 15, 2006

**IT IS SO ORDERED.**

PHYLLIS J. HAMILTON
United States District Judge